Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 481 | **DATE** | 6/26/2001 |
| **CASE TITLE** | Rhoiney vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Respondent's motion to dismiss the petition for habeas corpus (9-1) is granted. The Clerk is directed to enter judgment in favor of the respondent.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| JD | courtroom deputy's initials |

number of notices

JUN 2 7 2001 date docketed

FILED FOR DOCKETING
01 JUN 26 PM 5:55

Date/time received in central Clerk's Office

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number
15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE RHOINEY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 01 C 481 |
| KENNETH BRILEY, | ) |
| Respondent. | ) |

DOCKETED JUN 27 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this habeas corpus case, respondent Kenneth Briley, warden of the Stateville Correctional Center, contends that petitioner Eugene Rhoiney's petition is time-barred and should be dismissed. Rhoiney claims that his petition is timely, as he filed two collateral attacks which tolled the statute of limitations. For the reasons set forth below, Briley's motion is granted, and Rhoiney's petition is dismissed.

## BACKGROUND

On September 26, 1989, Rhoiney was convicted of first degree murder in the Circuit Court of Cook County. He received a sentence of life imprisonment without possibility of parole after the jury was unable to reach a unanimous decision on the death penalty. Rhoiney appealed his conviction to the Illinois Appellate Court, claiming that the state's use of peremptory challenges to exclude blacks from the jury violated *Batson v. Kentucky*, 476 U.S. 79 (1986) and that his Fourteenth Amendment due process rights were violated as a result of the ineffectiveness of his trial counsel. On June 28, 1993, the court affirmed Rhoiney's conviction and sentence. *People v. Rhoiney*, 252 Ill. App.3d 320 (1993). Rhoiney filed a petition to leave for appeal to the

Illinois Supreme Court, raising most of the issues he had raised in the Appellate Court. This petition was denied on February 2, 1994.

Rhoiney then timely filed a *pro se* post-conviction petition with the Circuit Court of Cook County, Criminal Division on March 15, 1994. In his petition, Rhoiney again alleged ineffectiveness of counsel. The court dismissed the petition on March 28, 1994 as frivolous and without merit. Rhoiney appealed the dismissal to the Illinois Appellate Court. Rhoiney's court-appointed attorney filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that there were no appealable issues in the case. Rhoiney filed a motion opposing withdrawal in which he set forth his claims that his right to effective assistance of counsel and a fair trial had been violated. On December 27, 1994, however, the court granted the public defender's motion and affirmed the judgment of the circuit court. *People v. Rhoiney*, No. 1-94-1379. Rhoiney petitioned for leave to appeal to the Illinois Supreme Court, but the court denied this motion on April 5, 1995.

Rhoiney filed two further post-conviction petitions. On January 4, 1996, he filed a petition for a "writ of nist" *(sic)*, pursuant to 725 ILCS § 5/122-1 (West 1996), the Illinois Post-Conviction Hearing Act. In this petition, Rhoiney claimed denial of his Sixth Amendment right to effective counsel and his Fourteenth Amendment right to due process. The Illinois Supreme Court denied this petition on December 26, 1997. On May 2, 1998, Rhoiney filed a third post-conviction petition, claiming that he had newly discovered evidence. The circuit court summarily dismissed this petition. Rhoiney's counsel submitted a motion requesting permission to withdraw under *Finley*. In this *Finley* motion, counsel argued that Rhoiney's petition was untimely, successive and raised no appealable issues. After examining counsel's motion and

Rhoiney's response, the court dismissed the appeal on December 30, 1999. *People v. Rhoiney*, No. 1-98-2760. Rhoiney petitioned the Illinois Supreme Court for leave to appeal, but this was denied on July 5, 2000.

Rhoiney filed a habeas corpus petition in this court on January 23, 2001. He listed the following issues for review: 1) he was denied effective assistance of trial counsel in various respects; 2) he was denied due process because he was wrongly indicted for and convicted of murder; 3) he was denied his right to a fair trial; 4) he was denied due process and equal protection because the circuit court did not comply with the provisions of the Post-Conviction Hearing Act; and 5) he was denied effective assistance of counsel on his direct appeal.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, established a one-year statute of limitations applicable to habeas corpus petitions. The Act provides that:

> (1) A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;...
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). In *Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997), the court held that those who, like Rhoiney, were convicted before AEDPA's effective date had one year from that date — until April 23, 1997 — to file a

3

habeas corpus petition. *Id.* at 866. Any delay in filing a petition prior to AEDPA's enactment does not count toward the statute of limitations. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). For such petitioners, the date of April 24, 1996 serves as the date of final judgment for purposes of §2244(d)(1). *Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000).

Rhoiney's conviction became final on February 2, 1994, meaning that § 2244(d)(1)'s statute of limitations began to run on April 24, 1996. However, Rhoiney did not file his habeas corpus petition until January 23, 2001, nearly five years later. Under § 2244(d)(2), the time after April 24, 1996 is tolled during periods in which he had a "properly filed" application for collateral relief pending in state court. *See Gendron*, 154 F.3d at 675.

Briley agrees that Rhoiney properly filed a post-conviction petition on March 15, 1994. That does not help Rhoiney, however, as the state court's review of that petition was completed before AEDPA's effective date. Briley argues that Rhoiney's subsequent post-conviction petitions (the "writ of nist" filed on January 4, 1996 and the petition claiming new evidence filed on May 2, 1998) did not toll the statute of limitations. Indeed, Briley notes, the circuit court dismissed Rhoiney's May 2, 1998 petition as being untimely and successive. As the timeliness of Rhoiney's federal habeas petition depends on whether this last post-conviction petition was timely filed, we will confine our discussion to that issue.

Whether a collateral attack is "properly filed" depends on how the state courts treated it. *Freeman*, 208 F.3d at 576. If they considered the collateral attack on the merits, it was properly filed; if they dismissed it as untimely, then it was not properly filed. *Id.* A properly filed application is "one submitted according to the state's procedural requirements." *E.g., Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998). In *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364

4

(2000), the Court held that a petition is "properly filed" under §2244(d)(1) if it is delivered in compliance with applicable laws and rules concerning filings, including among others "time limits upon its delivery." In short, a post-conviction petition must be timely in order to be considered "properly filed." *Freeman*, 208 F.3d at 576. If the petition is untimely, it does not toll AEDPA's statute of limitations. *See Gendron*, 154 F.3d at 675; *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (a post-*Artuz v. Bennett* decision).

We do not have a record of the circuit's court ruling on Rhoiney's third petition. It is evident, however, from the public defender's *Finley* motion that the third petition was dismissed as untimely filed. The appellate court, in its decision approving counsel's withdrawal, affirmed the circuit court's dismissal of Rhoiney's petition and agreed that there were no arguable issues for collateral relief. *See People v. Rhoiney*, No. 1-98-2760 (1999). Although the appellate court, in affirming the dismissal, did not specifically state that it found Rhoiney's petition untimely, that is the most logical construction of its ruling. Under 725 ILCS § 5/122-1(c), Rhoiney had six months "after the denial of a petition for leave to appeal...before the Illinois Supreme Court..." to file a post-conviction petition. His third petition, filed over four years after the conclusion of proceedings on his line of appeal, and over three years after the conclusion of the proceedings on his first post-conviction petition, was unquestionably untimely and was alleged to be untimely by the public defender in its *Finley* motion. After reviewing that motion, the appellate court affirmed the dismissal of the petition. We conclude that Rhoiney's third petition was untimely and therefore did not toll AEDPA's statute of limitations. As the petition and its attendant appeals lasted two years – from May 1998 to July 2000 – Rhoiney's window to file a petition for habeas corpus has long since closed.

## CONCLUSION

For the reasons set forth above, respondent's motion to dismiss the petition for habeas corpus [Docket Item 9-1] is granted. The Clerk is directed to enter judgment in favor of respondent.

Dated: June 26, 2001

_____
MATTHEW F. KENNELLY
United States District Judge